IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY WAYNE KITCHENS, | ) | 8:08CV157 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARTY CONBOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed his Complaint in this matter on April 11, 2008, (Filing No. 1.) and has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

The plaintiff filed his complaint on April 11, 2008, against City Prosecutor Marty Conboy, Public Defender Susan Ruff, and "many liars with[in] [the] Omaha Police Department." (Filing No. 1 at CM/ECF p. 1.) The plaintiff's allegations are extremely difficult to decipher. As best as the court can tell, the plaintiff alleges that the Omaha Police are liars and will not leave him alone. (*Id.* at CM/ECF pp. 1-5.) Specifically, the plaintiff states that "[he] just want[s] the police to leave [him] alone . . . ." (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or

malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

The court has carefully reviewed the complaint. As set forth above, the plaintiff's allegations are difficult to decipher. Importantly, the plaintiff does not allege that he was deprived of a right secured by the United States Constitution or its laws. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Further, even with the most liberal construction, the plaintiff's complaint does not include "sufficient facts" to state a claim. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). However, on the court's own motion, the plaintiff shall have twenty days in which to amend his complaint in order to state a claim upon which relief may be granted against the defendants. If the plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. the plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted. However, the plaintiff shall have until **August 19, 2008,** to amend his complaint. If the plaintiff fails to file an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. §§ 1915(e)(2).

2. the clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **August 19, 2008,** and dismiss if none filed.

3. the plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated August 4, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

3